**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE MOUNTAIN CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 22-cv-3279 |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | Judge Jorge L. Alonso |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, THE MOUNTAIN CORPORATION, ("THE MOUNTAIN" or "Plaintiff"), responds to the Motion to Dismiss and Deny Plaintiff's Motion for Entry of a Preliminary Injunction ("Motion") by Defendant No. 158 "Moxiu" ("Defendant") as follows:

## I.   INTRODUCTION

This Court has personal jurisdiction over Defendant because Defendant targets Illinois residents and has offered to sell Counterfeit THE MOUNTAIN Products to consumers within the United States, including the State of Illinois. Specifically, Defendant is reaching out to do business with Illinois residents by operating a commercial, interactive Internet Store through the Amazon.com, Inc. ("Amazon") platform which Illinois residents can purchase products being sold in connection with Plaintiff's THE MOUNTAIN Trademarks.

This Court has also subject matter jurisdiction over Defendant's tortious conduct. As such, Defendant's Motion should be denied.

## II.  BACKGROUND

Exhibit A provides a screenshot showing that Defendant offered for sale counterfeit THE MOUNTAIN Products through their Internet store to a consumer with an Illinois shipping address. Defendant offered counterfeit THE MOUNTAIN Products for sale in the United States, including Illinois. *See Exhibit B, Declaration of Roger M. Doyon*. ⟊ 10. Defendant facilitates sales by designing its Internet Store to appear as an authorized online retailer. *Id.* at ⟊ 11. Defendant's Store looks sophisticated and accept payment in U.S. dollars via credit card. *Id.* Plaintiff's reputation and goodwill are irreparably damaged when Defendant sells its products without Plaintiff's authorization leading to a loss in sales. *Id.* at ⟊ 18. Additionally, Defendant's sales of low-quality, inferior products result in confusion among consumers and a loss of future sales. *Id.* at ⟊ 20.

## III. ARGUMENT

### A.  A Non-Lawyer Pro Se Defendant Cannot Represent a Business Entity

On July 22, 2022, Defendant, Xu Jiahao filed a pro se appearance [Dkt. No. 35] and the present Motion. [Dkt. No. 36]. In the first paragraph of Defendant's Motion, he claims to be the operator of the e-commerce store "Moxiu", which is listed as a Defendant in this lawsuit. Defendant does not claim to be an attorney, nor is he listed as an attorney in the State of Illinois. As an entity, "Moxiu" cannot represent itself, nor can a non-lawyer represent "Moxiu".

As such, Defendant's Motion should be denied as not properly presented before this Court by a licensed attorney authorized to represent a business entity.

### B.  This Court has Personal Jurisdiction Over Defendant Pursuant to F.R.C.P. 4(k)(1) and (2)

Defendant fails to demonstrate that this Court lacks personal jurisdiction over Defendant. *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011)

2

("[A] defendant who asserts a jurisdictional defense in a collateral proceeding bears the burden of proving that the court lacked jurisdiction over his or her person.").

Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392-93 (7th Cir. 2020); *Avocent Huntsville Corp. v. Aten Int'l Co*., 552 F.3d 1324, 1329 (Fed. Cir. 2008).

In determining whether specific personal jurisdiction exists, the Court would first determine if Defendant has "'purposefully established minimum contacts within the forum State.'" *Hyatt International Corp., v. Gerardo Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The Court should determine whether Defendant "'should reasonably anticipate being haled into court [in Illinois].'" *Id*. (quoting *Burger King*, 471 U.S. at 474). It is reasonable for Defendant to anticipate being haled into an Illinois court when it has "'purposefully availed [itself] of the privilege of conducting activities' there." Id. (quoting *Burger King*, 471 U.S. at 475).

Defendant operates a commercial, interactive online store through which U.S. customers can purchase its products, thus holding itself out as open to do business with every state, including Illinois. *See Volkswagen AG,* 2020 U.S. Dist. LEXIS 34218, at *9 (*citing Hemi Grp. LLC*, 622 F.3d at 758) (online purchases were not unilateral actions by customers—which generally would not satisfy the "minimum contact" requirement—where the defendant operated a commercial website open to business with the forum state); *see also*, *Valtech, LLC v. 18th Ave. Toys Ltd.,* 2015 U.S. Dist. LEXIS 17138, at *12 (N.D. Ill. Feb. 12, 2015).

3

The Defendant e-commerce store, "Moxiu," advertised and was ready and willing to ship Infringing THE MOUNTAIN Product to the United States, including Illinois. *See* Exhibit A, pg. 6. Courts in this district have regularly found jurisdiction over China-based e-commerce stores based on an offer for sale of infringing product. *See, Monster Energy Company v. Chen Wensheng, et al.*, 136 F. Supp. 3d 897, 909 (N.D. Ill. 2015) ("defendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction"); *Christian Dior Couture, S.A., S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (same).

As a merchant which is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed himself of the privilege of conducting business in Illinois, which gives this Court specific personal jurisdiction over Defendant under the Illinois long-arm statute. See 735 ILCS 5/2-209. Defendant has failed to present any evidence to the contrary in its Motion or that it expressly prohibited the sale of goods to Illinois. Therefore, Defendant has purposely availed itself of the privilege of conducting business in Illinois.

The Seventh Circuit has consistently ruled that businesses reaching out to do business with residents in Illinois create sufficient minimum contacts for jurisdictional purposes. In *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that, "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out

4

as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id.*

Following *Hemi*, the Seventh Circuit in *Curry v. Revolution Labs., LLC* determined that personal jurisdiction was proper over non-resident e-commerce store operators:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois. Like Hemi, Revolution sells its products only online through its website and third-party websites. Revolution's interactive website for the sale of its products requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose. Illinois residents purchasing Revolution's products also receive an email from Revolution thanking them for their business, confirming their order, and listing the Illinois shipping address.

949 F.3d at 385, 399 (7th Cir. 2020). Thus, Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020) (Docket No. 60) (Kennelly, J.); *Volkswagen AG v. iman365-usa*, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *Monster Energy Co.*, 136 F. Supp. 3d at 909 (N.D. Ill. 2015) (same); *Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *6 (N.D. Ill. 2015) (same); *see also, Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

As such, this Court has specific personal jurisdiction over Defendant for this case, and the Court should deny Defendant's Motion based on lack of personal jurisdiction. See also, *Mercantile Cap. Partners v. Agenzia Sports, Inc.*, No. 04-cv-5571, 2005 WL 351926, at *2 (N.D. Ill. Feb. 10, 2005) ("[A] single tortious act occurring in Illinois will establish jurisdiction

in Illinois even though the defendant has no other contact in Illinois and has never been to Illinois." (internal quotation marks omitted)).

C.  Defendant Purposefully Availed Itself of Jurisdiction in Illinois

By conducting business in Illinois, Defendant purposefully availed itself of jurisdiction in Illinois. Defendant, like the defendants in *Hemi Group*, "stood ready and willing to do business with Illinois residents" by creating and operating a commercial, fully interactive Amazon Internet store through which Counterfeit Audi Products could be purchased. *Hemi Grp*, 622 F.3d at 758; *Monster Energy Co.*, 136 F. Supp. 3d at 904. Defendants "in fact knowingly did business with Illinois residents" by accepting payment from Illinois residents and shipping Counterfeit Audi Products to Illinois. *Hemi Grp*, 622 F.3d at 758. Defendant should have foreseen being subject to litigation in the United States, including Illinois, as a result of offering for sale and selling Counterfeit Products. *Id.* Defendant's reaching out and expressly electing to do business with the residents of all fifty states, including Illinois, establishes personal jurisdiction. *Hemi Grp*, 622 F.3d at 758; *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 428 (7th Cir. 2010).

Moreover, it is misleading to classify the offer to sell as "utterly fortuitous" or a "unilateral activity". *See Hemi Grp. LLC,* 622 F.3d at 758. In *Hemi,* the court explained that [c]haracterizing the sales as unilateral is misleading, ... because it ignores several of Hemi's own actions that led up to and followed the sales.... It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that created the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois. *Id.* Here, Defendants "aimed their alleged tortious products to residents in all fifty states and 'made [their] services available to anyone by way of [their] website[s],'" *Valtech, LLC*, 2015 U.S. Dist. LEXIS 17138, at *12. *See also Hemi Group*, 622 F.3d at 758; *Ty, Inc. v. Baby Me, Inc.*, 2001 U.S. Dist. LEXIS 5761, at

6

*14 (N.D. Ill. Apr. 20, 2001) (finding that there was no evidence to support defendant's argument that sales were pretextual); "); s*ee also Dental Arts Lab.*, 2010 U.S. Dist. LEXIS 124029, at *7 ("That Defendant's sales in Illinois form a relatively small part of its business is irrelevant to the personal jurisdiction analysis under these circumstances. [Defendant] claims that, at best, it only engaged in sporadic commercial activity in Illinois. The fact that [defendant's] contacts may have been limited does not, however, mean that its contacts with Illinois were so minimal that it could not reasonably expect to be haled into an Illinois court."); *Vesuvius Techs., LLC v. ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644, at *21 (E.D. Wisc. May 3, 2013) (applying *Hemi Group* to a case involving an Internet-based seller who sold products to Wisconsin residents, without evidence that defendant ever physically shipped anything into Wisconsin). As such, Defendant's reaching out to Illinois residents created sufficient minimum contacts with Illinois to establish personal jurisdiction.

D. <u>Defendant Has Failed to Demonstrate that This Court Lacks General Jurisdiction</u>

Defendant has failed to show how this Court allegedly lacks general jurisdiction over this matter. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.; 28 U.S.C. § 1338(a) - (b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

E. <u>Defendant Is Not Authorized to Use Plaintiff's Trademarks</u>

Defendant is not authorized to use Plaintiff's trademarks, nor is Defendant an authorized

retailer for Plaintiff. Plaintiff is the owner of Trademark Registration No. 4,161,566 for the "Three Wolf Moon" mark. *See* Exhibit B ⸿ 5 and Exhibit C – Trademark Registration 4,161,566. Plaintiff's trademarks are distinctive and identify the merchandise as goods from THE MOUNTAIN. Exhibit B ⸿ 6. Additionally, Plaintiff's Trademarks have been continuously used and never abandoned. Exhibit B ⸿ 7. Defendant does not conduct business with Plaintiff, nor does Defendant have authorization to use Plaintiff's Trademarks for any reason. Exhibit B ⸿ 10.

Therefore, Defendant's claims to dismiss Plaintiff's Complaint or prevent entry of a Preliminary Injunction should be denied.

F. Entry of a Preliminary Injunction Against Defendant is Appropriate

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

With regard to the first prong, Plaintiff is the owner of the "THREE WOLF MOON" mark. *See* Exhibit B ⸿ 5 and Exhibit C. Defendant is not an authorized vendor nor does Defendant have authorization to use Plaintiff's Trademarks. Exhibit B ⸿ 10. Defendant has engaged in the use of Plaintiff's Trademark without permission. See Exhibit A. As a result, Plaintiff is likely to succeed on its claims for trademark infringement.

As to the second prong, Defendant's unauthorized use of THE MOUNTAIN Trademarks has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Doyon

Declaration at ¶¶ 17-21. The Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook,* 272 F.3d 424, 432 (7th Cir. 2001) (citing *Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456, 469 (7th Cir. 2000)). As such, Plaintiff has demonstrated that will suffer irreparable injury if a preliminary injunction is not granted.

As to the third prong, the balance of hardships tips in Plaintiff's favor because Defendant is a willful infringer and is entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). Thus, the balance of equities tips decisively in Plaintiff's favor.

Lastly, the public interest would best be served by entry of a preliminary injunction because it will prevent consumer confusion and stop Defendants from violating federal trademark law. The public is currently under the false impression that Defendant is operating its e-commerce store with Plaintiff's approval and endorsement. Entry of a preliminary injunction serves the public interest in this case "because enforcement of the trademark laws prevents consumer confusion." *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000).

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and Deny Entry of a Preliminary Injunction and to grant any relief this Court deems necessary.

Respectfully submitted,

Dated:  March 16, 2022

By:      s/Michael A. Hierl
         Michael A. Hierl (Bar No. 3128021)
         William B. Kalbac (Bar No. 6301771)
         Robert P. McMurray (Bar No. 6324332)
         Hughes Socol Piers Resnick & Dym, Ltd.
         Three First National Plaza
         70 W. Madison Street, Suite 4000
         Chicago, Illinois 60602
         (312) 580-0100 Telephone
         mhierl@hsplegal.com
         wkalbac@hsplegal.com
         Attorneys for Plaintiff
         THE MOUNTAIN CORPORATION

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on March 16, 2022 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*